## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE CLOVER HEALTH INVESTMENTS, CORP. DERIVATIVE LITIGATION | Case No.: 1:21-cv-00191-VAC (Consolidated) |

## JOINT STATUS REPORT

**WHEREAS,** on February 10, 2021, Plaintiff Fuhrman filed a stockholder derivative action against Nominal Defendant Clover Health Investments, Corp. ("Clover" or the "Company"), and Defendants Vivek Garipalli, Andrew Toy, Chelsea Clinton, Nathaniel S. Turner, Lee Shapiro, Joseph Wagner, and Chamath Palihapitiya ("Individual Defendants" and with Clover, "Defendants") on behalf of the Company alleging breaches of fiduciary duties, waste of corporate assets, and violations of sections 10(b) and 21D of the Securities Exchange Act of 1934 (the "Exchange Act").

**WHEREAS,** on July 21, 2021, Plaintiff Wiegand filed a stockholder derivative action alleging substantially similar facts and asserting claims for breach of fiduciary duty, unjust enrichment, waste of corporate assets, and violations of Sections 14(a) and 20(a) of the Exchange Act against the Individual Defendants, along with additional defendants Steven Trieu, Ian Osborne, Jacqueline D. Reses, and James Ryans.

**WHEREAS,** on September 16, 2021, the Court approved the Parties' Joint Stipulation and Proposed Order, thereby consolidating the *Fuhrman* and *Wiegand* actions under the caption *In re Clover Health Investments, Corp. Derivative Litigation*, Case No. 1:21-cv-00191 (the "Delaware Action").

**WHEREAS**, substantially similar stockholder derivative actions were pending in the United States District Court for the Middle District of Tennessee, captioned *Sun v. Garipalli, et al.*, Case No. 3:21-cv-00311 (M.D. Tenn.) and *Luthra v. Garipalli, et al.*, No: 3:21-cv-00320 (M.D. Tenn.), consolidated under the *Sun* caption by the court's order dated May 10, 2023 (the "Tennessee Federal Action"); the Delaware Court of Chancery, captioned *Davies v. Garipalli, et al.*, Case No. 2021-1016-SG (Del. Ch.) (the "Delaware Chancery Action"); and the Supreme Court of the State of New York, captioned *Sankaranarayanan v. Palihapitiya, et al.*, Index No. 655420/2021 (N.Y. Sup. Ct.) and *Uvaydov v. Palihapitiya, et al.*, Index No. 656978/2021 (N.Y. Sup. Ct.), consolidated under the caption *In re Clover Health Investments, Corp. Stockholder Derivative Litigation*, Index No. 655420/2021 by the court's order dated August 19, 2022 (the "New York Action") (collectively, the "Related Derivative Actions"), in which the plaintiffs alleged substantially similar facts and assert claims for breach of fiduciary duty, unjust enrichment, and other claims against certain of the Individual Defendants.

**WHEREAS**, all the plaintiffs in the Related Derivative Actions agreed to work cooperatively together.

**WHEREAS,** the plaintiffs in the Related Derivative Actions and the Defendants reached a settlement in principal and a Stipulation of Settlement was filed in the Tennessee Federal Action on March 1, 2024. *See* ECF No. 38-1 in Tennessee Federal Action.

**WHEREAS**, on June 6, 2024, the plaintiffs in the Tennessee Federal Action filed a Motion for Final Approval of the Settlement (ECF 45) and a Declaration in Further Support of Tennessee Plaintiffs' Motion for Final Approval.

**WHEREAS**, on July 11, 2024, a settlement hearing was held in the United States District Court for the Middle District of Tennessee.

**WHEREAS**, on July 16, 2024, the Judgment Approving Settlement of Derivative Actions was filed on the docket of the Tennessee Federal Action. *See* ECF 60 in Tennessee Federal Action.

**WHEREAS**, the Stipulation of Settlement defines the term "Final" as follows:

> 'Final' means the expiration of time to appeal from the Judgment (defined in paragraph 1.14 infra), or if any appeal or other review of such Judgment is filed and not dismissed, after such Judgment is upheld on appeal in all material respects and is no longer subject to appeal, re-argument, or review by writ of certiorari; provided, however, that any appeal or proceeding seeking subsequent review pertaining solely to an order issued with respect to attorneys' fees, costs, or expenses shall not in any way delay or preclude the Judgment from becoming Final.

*See* Stipulation of Settlement, ¶ 1.12, ECF 47-2.

**WHEREAS**, the Stipulation of Settlement defines the term "Effective Date" as follows:

> 'Effective Date' means the date by which all of the events and conditions specified in section V (paragraph 6.1) have been met and occurred.

*See* Stipulation of Settlement, ¶ 1.10, ECF 47-2.

**WHEREAS**, the Stipulation of Settlement further provides in ¶ 5.1 that, within five (5) business days after the Effective Date, the plaintiffs in the above-captioned action shall file "the appropriate documents" to voluntarily dismiss the Delaware Action with prejudice, and that the plaintiffs in the remaining Related Derivative Actions shall do the same for each respective action.

**ACCORDINGLY:**

1. The parties to the above-captioned action agree that the Settlement is not yet "Final," as defined in the Stipulation of Settlement, and that the events and conditions specified in the definition of "Effective Date" have not yet been met.

2. Assuming that the Settlement becomes "Final" and the "Effective Date" is reached, plaintiffs in the above-captioned action shall file a Stipulation of Voluntary Dismissal with

Prejudice within five (5) business days of said date, or on or before August 21, 2024, whichever occurs earlier.

       3.      In the event that the Settlement does not become "Final" or the "Effective Date" is not reached, the parties to the above-captioned action shall file a further status update with the Court.

| **BIELLI & KLAUDER, LLC** | **RICHARDS, LAYTON & FINGER, P.A.** |
|---|---|
| */s/ Ryan M. Ernst* | */s/ Kevin M. Gallagher* |
| Ryan M. Ernst (No. 4788) | Gregory P. Williams (#2168) |
| 1204 N. King Street | Kevin M. Gallagher (#5337) |
| Wilmington, DE 19801 | One Rodney Square |
| Telephone: (302) 803-4600 | 920 North King Street |
| Facsimile: (302) 397-2557 | Wilmington, DE 19801 |
| rernst@bk-legal.com | (302) 651-7700 |
|  | williams@rlf.com |
| OF COUNSEL: | gallagher@rlf.com |

**GAINEY McKENNA & EGLESTON**          OF COUNSEL:

Thomas J. McKenna                                  **MILBANK LLP**
Gregory M. Egleston
501 Fifth Avenue, 19th Floor                     Scott A. Edelman
New York, NY 10017                                 Jed M. Schwartz
Telephone: (212) 983-1300                       55 Hudson Yards
Facsimile: (212) 983-0383                         New York, NY 10001
tjmckenna@gme-law.com                       Telephone: (212) 530-5000
gegleston@gme-law.com                         sedelman@milbank.com
                                                                    jschwartz@milbank.com

**LEVI & KORSINSKY, LLP**

Gregory M. Nespole                                 *Attorneys for Defendants*
Correy A. Suk
33 Whitehall Street, 17th Floor
New York, NY 10004
Telephone: (212) 363-7500
Facsimile: (212) 363-7171
gnespole@zlk.com
csuk@zlk.com

*Attorneys for Plaintiffs*

5